Filed 1/28/26  In re Kevin C. CA4/1
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re KEVIN C., a Person Coming Under the Juvenile Court Law. | |
| | D085671 |
| THE PEOPLE, | |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. JCM245034) |
| KEVIN C., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Marissa Bejarano, Judge.  Affirmed and remanded with instructions.

Lisa A. Kopelman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Christopher P. Beesley and Cobi S. Furdek, Deputy Attorneys General, for Plaintiff and Respondent.

Kevin C. was charged with four counts of felony vandalism.  (Pen. Code, § 594, subds. (a), (b)(1)).  Following an adjudication hearing, the juvenile

court found true all four counts. The juvenile court (1) declared Kevin a ward of the court, (2) placed him on probation, and (3) set the maximum sentence of confinement at four years.

Kevin contends, and the People concede, that the case must be remanded for the juvenile court to declare the four offenses misdemeanors or felonies as required by Welfare and Institutions Code section 702. Resolving this matter by memorandum opinion (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851-854), we accept the People's concession and remand for the juvenile court to declare the counts to be either misdemeanors or felonies.

Crimes punishable as either a misdemeanor or a felony at the discretion of the sentencing court are known as wobblers. (*In re F.M.* (2023) 14 Cal.5th 701, 704.) If a minor commits a wobbler, "the court shall declare the offense to be a misdemeanor or felony." (Welf. & Inst. Code, § 702.) The juvenile court must make this declaration at a hearing so the record expressly reflects the court was "'aware of, and exercised its discretion'" to treat the offense as either a misdemeanor or a felony. (*F.M.,* at pp. 705, 716-717.) "[N]either the pleading, the minute order, nor the setting of a felony-level period of physical confinement may substitute for a declaration by the juvenile court." (*In re Manzy W.* (1997) 14 Cal.4th 1199, 1208.) Absent a juvenile court's express declaration, or other record evidence establishing, it was aware of and exercised its discretion, the matter must be remanded for the requisite declaration to be made. (*Id.* at p. 1209.) A claim of section 702 error is not forfeited by the defense's failure to object in the juvenile court. (*F.M.,* at pp. 710-711.)

We generally review sentencing decisions for abuse of discretion. (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) A court abuses its discretion when its decision is "arbitrary or capricious or exceeds the bounds of reason"

under the circumstances.  (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1121 [cleaned up].)  "A failure to exercise discretion also may constitute an abuse of discretion."  (*Sandoval*, at pp. 847-848.)

Although parts of the record—including the minute order, the felony-level punishment imposed, and the court's statements during charging and adjudication—reflect that Kevin's offenses were treated as felonies, the juvenile court never explicitly declared, at any hearing, that it was aware of its discretion, or exercised its discretion, to treat the offenses as misdemeanors or felonies.  (See *F.M.,* 14 Cal.5th at p. 709; *Manzy W.,* 14 Cal.4th at p. 1210.)  Thus, as the People concede, the record does not reflect the trial court was aware of and exercised its discretion to treat the offenses as either misdemeanors or felonies.  (*F.M.,* at p. 712.)  Accordingly, we agree with the parties that the matter must be remanded for the court to exercise this discretion.

DISPOSITION

We remand and direct the juvenile court to expressly declare on the record whether Kevin's four counts of vandalism are misdemeanors or felonies consistent with this opinion.  In all other respects, we affirm.

CASTILLO, J.

WE CONCUR:

O'ROURKE, Acting P. J.

HUFFMAN, J.*

*      Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.